O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL HUANG, | ) | Case No. CV 11-08285 DDP (MRWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| MIREYA ESPINOZA, | ) ) | |
| Defendant. | ) ) | |

The court orders Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff filed this action in state court against Defendant, alleging that Defendant unlawfully failed to surrender possession of the real property located at 8823 Maple Street, Bellflower, California 90706. Plaintiff alleges that he purchased the property at a trustee sale. (Compl. ¶6.) Plaintiff's Complaint seeks a rental value of fifty dollars per day. (Compl. at 3.)

On October 6, 2011, Defendant removed to this court, asserting federal question jurisdiction based on a defense under the Real Estate Settlement Procedures Act, 26 U.S.C. § 2605(e); the Truth in

Lending Act, 15 U.S.C. § 1601; and the Fair Debt Collection Practices Act, 15 U.S.C. § 809(b). (Petition for Removal ¶¶ 16, 20).

Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009) (internal quotation marks and citation omitted). "Federal law cannot be predicated on an actual or anticipated defense . . . . Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim." <u>Id.</u> (citations omitted). Here, nothing on the face of Plaintiff's complaint suggests a federal question, and Defendant offers no support for Defendant's assertion that the matter presents a federal question.

Accordingly, the court orders the parties to file cross-briefs, not to exceed five pages, by February 23, 2012, to show cause why this action should not be remanded for lack of subject matter jurisdiction. The parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles. The court notes that the Defendant has the burden of

///

///

2

establishing removal jurisdiction. If a party does not file a brief, the court will regard the party as not opposing remand of this matter.

IT IS SO ORDERED.

Dated: February 13, 2012

DEAN D. PREGERSON
United States District Judge